UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| BEN R. LEVER, III AND DIANNE S. LEVER, <br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION,<br><br>*Defendants.* | Case no. 1:21-CV-117 <br><br>Hon. |

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiffs, BEN R. LEVER, III and DIANNE S. LEVER, by and through their counsel, complaining of Defendant, UNITED SERVICES AUTOMOBILE ASSOCIATION, and alleges and says as follows:

### I.
### INTRODUCTION AND NATURE OF THIS ACTION

1. This action involves a dispute arising under a policy of property insurance issued by Defendant, United Services Automobile Association, to Plaintiffs, Ben R. Lever, III and Dianne S. Lever, related to property losses resulting from a covered weather-related event that occurred on or about April 12, 2020. This action seeks appropriate remedies and relief with respect to Policy number 001132628 91A (hereinafter the "Policy"), which was in full force and effect at all times material hereto. The covered cause of loss, includes, but not limited to, wind damage that permanently damaged the roof and related structure of the property located at 1125 Trillium Ridge, Cullowhee, NC 28273 in Jackson County, North Carolina (hereinafter the "Property"). The subject

claim giving rise to this lawsuit was properly filed and is identified by Defendant as Claim No. 001132628-215.

## II.
## PARTIES

2. Plaintiffs, BEN R. LEVER, III and DIANNE S. LEVER ("Plaintiffs" or "Lever"), are part-time residents of Jackson County, North Carolina.

3. Upon information and belief, at all times material hereto, Defendant, UNITED SERVICES AUTOMOBILE ASSOCIATION ("Defendant" or "USAA"), was and is a Texas corporation engaged in the business of insurance, with its home office located at 9800 Fredericksburg Road, San Antonio, Texas 78288.

4. Upon information and belief, at all times material hereto, Defendant, UNITED SERVICES AUTOMOBILE ASSOCIATION was and is a company licensed by the State of North Carolina Department of Insurance to transact insurance business in the State of North Carolina and has done and does do business in Jackson County, North Carolina.

5. Upon information and belief, at all times material hereto, Defendant, UNITED SERVICES AUTOMOBILE ASSOCIATION was and is a corporation duly organized and existing under the laws of the State of Texas and doing business in Jackson County, North Carolina.

## III.
## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§1332(a)(1) because of the diversity of citizenship of the parties and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

7. An actual justiciable controversy exists between Plaintiff and Defendant within the meaning of 28 U.S.C. §§2201 regarding whether Defendant has breached its duties to Plaintiff in violation of the express terms, conditions and provisions of the subject policy as more particularly described below.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## IV.
## FACTS COMMON TO ALL COUNTS

9. At all times material hereto, Plaintiffs were parties to an insurance contract whereby Defendant agreed to insure the Property against property damage.

10. Despite Plaintiffs' efforts and payment of all policy premiums, Defendant continually failed and refused to pay Plaintiffs in accordance with its promises under the Policy.

11. Moreover, Defendant has failed to make any attempt to settle Plaintiffs' claims in a fair manner, although its liability to Plaintiffs under the Policy is without dispute.

12. In the months following the subject occurrence, Plaintiffs provided information to Defendant as well as opportunities for Defendant to inspect the Property. However, Defendant failed to conduct a fair investigation into the damage to the Property. Moreover, Defendant failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to respond to requests for information from Plaintiff, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiffs' claims.

13. Despite Defendant's improprieties, Plaintiffs continued to provide information regarding the losses and the related claim to Defendant. Further, Plaintiffs made inquiries

regarding the status of the losses and payments. Regardless, Defendant failed and refused to respond appropriately and failed to properly adjust the claim and Plaintiffs' losses. As a result, to this date, Plaintiffs have not received proper payment for this claim, even though notification was provided.

14. Defendant has also failed to adequately explain the reasons for failing to offer adequate compensation for the damage and loss to the Property. Defendant has furthermore failed to offer Plaintiffs adequate compensation without any explanation why full payment was not being made. Defendant did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

15. Defendant has further failed to affirm or deny coverage within a reasonable time. Plaintiffs also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Defendant in a timely manner.

16. Defendant has, to date, refused to fully compensate Plaintiffs under the terms of the policy that Plaintiffs paid for, even though it was Defendant that failed to conduct a reasonable investigation. Ultimately, Defendant performed a result-oriented investigation of Plaintiffs' claim that resulted in an unfair, biased and inequitable evaluation of Plaintiffs' losses.

17. Defendant has failed to meet its obligations under the N.C. Gen. Stat. Chapters 58 and 75 regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claims within the time period mandated by statute.

18. As a result of the above issues, Plaintiffs did not receive the coverage for which they had originally contracted with Defendant. Unfortunately, Plaintiffs have therefore been

4

Case 1:21-cv-00117-MR-WCM   Document 1   Filed 04/22/21   Page 4 of 12

forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

19. In addition, Defendant has failed to provide adequate and proper coverage for Plaintiffs, causing Plaintiffs to suffer further damages. As indicated below, Plaintiffs seek relief under the common law and pursuant to N.C. Gen. Stat Chapters 58 and 75.

## V.
## CONDITIONS PRECEDENT

20. Plaintiffs repeat and reiterate the allegations in paragraphs 1-18 as if fully set forth verbatim herein.

21 All conditions precedent to recovery by Plaintiffs have been met or have occurred.

## VI.
## AGENCY

22. Plaintiffs repeat and reiterate the allegations in paragraphs 1-21 as if fully set forth verbatim herein.

23. All acts by Defendant were undertaken and completed by their officers, agents, servants, employees, and representatives. Such were either done with the full authorization or ratification of Defendant or were completed in their normal and routine course and scope of employment with Defendant.

## VII.
## CLAIMS AGAINST DEFENDANT

24. Plaintiffs repeat and reiterate the allegations in paragraphs 1-23 as if fully set forth verbatim herein.

25. Defendant had and owed a legal duty to Plaintiffs to properly adjust the structural and property damage and other insurance losses associated with the Plaintiffs' property. Defendant breached this duty in a number of ways, including but not limited to the following:

a. Defendant was to exercise due care in adjusting and paying policy proceeds regarding Plaintiffs' property loss;
b. Defendant had a duty to competently and completely handle and pay all damages associated with Plaintiffs' claim; and
c. Defendant failed to properly complete all adjusting activities associated with Plaintiffs' claim for damages.

26. Defendant's acts, omissions, and/or breaches did great damage to Plaintiffs, and were a proximate cause of Plaintiffs' damages.

## A. <u>VIOLATIONS OF N.C. GEN. STAT. CHAPTERS 58 & 75, AND RELATED PROVISIONS</u>

27. Plaintiffs repeat and reiterate the allegations in paragraphs 1-26 as if fully set forth verbatim herein.

28. Defendant's actions constitute violations of N.C. Gen. Stat. § 58 and its related provisions, and all such violations of § 58 support a claim for violations of N.C. Gen. Stat. § 75. Defendant engaged in actions which were false, misleading, and constituted unfair and deceptive trade practices that included but were not limited to the following:

(a) Misrepresentations and False Advertising of Policy Contracts -- making any estimates, illustrations, circular or statements misrepresenting the terms of any policy issued, or in regard to the benefits or advantages promised thereby;

(b) Unfair Claim Settlement Practices -- committing or performing any of the following:

a. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

b. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

c. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

6

d.  Refusing to pay claims without conducting a reasonable investigation based upon all available information;

e.  Failing to affirm or deny coverage of claims within a reasonable time after proof-of-loss statements have been completed;

f.  Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

g.  Compelling the insured to institute litigation to recover amounts due under an insurance policy by offering substantially less than the mounts ultimately recovered in actions brought by such insured;

h.  Attempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled;

i.  Attempting to settle claims on the basis of an application which was altered without notice to, or knowledge or consent of the insured;

j.  Making claim payments to insureds or beneficiaries not accompanied by a statement setting forth the coverage under which the payments are being made;

k.  Making known to insureds or claimants a policy of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept settlements or compromises less than the amount awarded in arbitration;

l.  Delaying the investigation or payment of claims by requiring an insured claimant to submit a preliminary claim report and then requiring the subsequent submission of formal proof-of-loss forms, both of which submissions contain substantially the same information;

m.  Failing to promptly settle claims where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage; and

n.  Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

29. The above actions of Defendant constitute an unfair or deceptive act or practice in the commerce of insurance and proximately caused actual injury and damages to Plaintiffs herein.

30. Due to Defendant's violation of N.C. Gen. Stat. § 75, Plaintiffs are entitled to treble damages herein.

## B. BREACH OF FIDUCIARY DUTY

31. Plaintiffs repeat and reiterate the allegations in paragraphs 1-30 as if fully set forth verbatim herein.

32. Defendant had a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Plaintiffs. As a result, Defendant owed a duty of good faith and fair dealing to Plaintiffs. Defendant breached that fiduciary in that:

   a. The underlying transaction was not fair and equitable to Plaintiffs;

   b. Defendant did not make reasonable use of the confidence that Plaintiffs placed upon it;

   c. Defendant did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiffs;

   d. Defendant did not place the interests of Plaintiffs before its own, and Defendant used the advantage of its position to gain a benefit for itself, at Plaintiffs' expense;

   e. Defendant placed itself in a position where its self-interest might conflict with its obligations as a fiduciary; and/or

   f. Defendant did not fully and fairly disclose all important information to Plaintiffs concerning the sale of the policy.

33. Defendant is liable for Plaintiffs' damages for breach of fiduciary duty, as such damages were objectively caused by Defendant's conduct.

34. Plaintiffs have satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance.

35. Such violations include, without limitation, all the conduct described in this Complaint, plus Defendant's failure to properly investigate Plaintiffs' claim. Plaintiffs also include Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claims and Defendant's failure to pay for the proper repair of Plaintiffs' property, as to which Defendant's liability had become reasonably clear.

### C. BREACH OF CONTRACT

36. Plaintiffs repeat and reiterate the allegations in paragraphs 1-35 as if fully set forth verbatim herein.

37. According to the Policy, which Plaintiffs purchased, Defendant had the absolute duty to investigate Plaintiffs' damages, and to pay Plaintiffs' policy benefits for the claim made due to the extensive damages caused by the hail and storm related events.

38. As a result of the windstorm related event, Plaintiffs suffered extreme external and internal damages.

39. Despite objective evidence of such damages, Defendant has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiffs' benefits relating to the cost to properly repair Plaintiffs' property, as well as for related losses. As a result of this breach, Plaintiffs have suffered actual and consequential damages.

### D. BREACH OF THE COMMON-LAW DUTY OF GOOD FAITH AND FAIR DEALING

40. Plaintiffs repeat and reiterate the allegations in paragraphs 1-39 as if fully set forth verbatim herein.

41. By its acts, omissions, failures and conduct, Defendant has breached its common law duty of good faith and fair dealing by denying Plaintiffs' claims or inadequately adjusting and

making an offer on Plaintiffs' claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

42. Defendant has also breached this duty by unreasonably delaying payment of Plaintiffs' entire claims and by failing to settle Plaintiffs' claims, as Defendant knew or should have known that it was reasonably clear that Plaintiffs' claims were covered. These acts, omissions, failures, and conduct by Defendant are a proximate cause of Plaintiffs' damages.

### E. WAIVER AND ESTOPPEL

43. Plaintiffs repeat and reiterate the allegations in paragraphs 1-42 as if fully set forth verbatim herein.

44. Defendant has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiffs.

### VIII.
### DAMAGES

45. Plaintiffs repeat and reiterate the allegations in paragraphs 1-44 as if fully set forth verbatim herein.

46. Defendant's acts have been the producing and proximate cause of damage to Plaintiffs, said damages exceeding Seventy-five Thousand Dollars (> $75,000.00).

### IX.
### PUNITIVE DAMAGES

47. Plaintiffs repeat and reiterate the allegations in paragraphs 1-46 as if fully set forth verbatim herein.

48. Due to Defendant's actions, which constituted willful and wanton conduct, Plaintiffs are entitled to punitive damages pursuant to N.C. Gen. Stat. § 1D.

# X.
## ATTORNEY FEES

49. Plaintiffs repeat and reiterate the allegations in paragraphs 1-48 as if fully set forth verbatim herein.

50. By Defendant willfully engaging in unfair and deceptive trade practices and making an unwarranted refusal to resolve the matter, Plaintiffs are entitled to attorney fees pursuant to N.C. Gen. Stat. § 75.

# XI.
## JURY DEMAND

51. Plaintiffs demand a jury trial upon all issues of fact herein.

WHEREFORE, Plaintiffs demand judgment against the Defendant as follows:

a. Recovery from the Defendant a sum greater than Seventy-five Thousand Dollars (> $75,000.00) for compensatory damages;

b. Recovery from the Defendant a sum greater than Seventy-five Thousand Dollars (> $75,000.00) in treble damages;

c. Recovery from the Defendant a sum greater than Seventy-five Thousand Dollars (> $75,000.00) for punitive damages;

d. Recovery from the Defendant attorney fees incurred by Plaintiffs;

e. That all issues of fact be tried by a jury;

f. That the costs of this action including interest from the date of filing of this Complaint be taxed against the Defendant; and

g. For such other and further relief which as to the Court may seem just and proper.

This April 21, 2021.

/s/ Justin L. Lowenberger
N.C. Bar #36324
TED A. GREVE & ASSOCIATES, P.A.
Attorney for Plaintiff
1201 North Tryon Street
Charlotte, NC 28206
(704) 804-7114
(704) 804-7154 (f)
justinlowenberger@mydrted.com

12

Case 1:21-cv-00117-MR-WCM   Document 1   Filed 04/22/21   Page 12 of 12